UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| BOBBY WADE, | ) |
| Petitioner, | ) Civil Action No. 6:21-cv-00075-GFVT |
| v. | ) |
| GOMEZ, *Warden*, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **&** |
| | ) **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Bobby Wade[1] is a federal prisoner currently confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without counsel, Mr. Wade has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges the imposition of disciplinary sanctions against him. [R. 1.] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243.[2]

The Court has thoroughly reviewed Mr. Wade's petition and concludes that it should be denied without prejudice for multiple reasons. First, Mr. Wade has not paid the $5.00 filing fee required by 28 U.S.C. § 1914, nor did he move for leave to proceed *in forma pauperis* or submit a copy of a BP-199 Form showing that payment of the filing fee has been requested. As a result, Mr. Wade failed to properly initiate an action in this Court, warranting denial of his petition without prejudice.

---

[1] According to his § 2241 petition, Mr. Wade is also known as Dwight Minnieweather, Sammy Spears, and/or Bobby Wade, Jr. [R. 1 at 1.]

[2] A petition will be denied on initial screening "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

More importantly, however, Mr. Wade's petition fails to include sufficient factual detail regarding his claim to satisfy minimum pleading requirements. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions). Although Mr. Wade's petition generally states that he wishes to challenge a decision disallowing 27 days of good conduct time [R. 1 at 2], he fails to provide the Court with any further information regarding the imposition of this sanction, such as the disciplinary charges against him, the date of the incident report, or the date of the disciplinary hearing. Rather, the only information that he provides is that he filed an appeal of the decision with the Western Regional Office of the Bureau of Prisons ("BOP") on February 22, 2017, on the grounds that he "was falsely accused, when the evidence suggested that I was innocent." [*Id*.] He does not state what he was accused of doing, nor does he identify the evidence suggesting his innocence.

With respect to the legal basis for his claims, he states only that "[t]he incident report stated I was innocent. I was denied due process, the DHO officer changed the incident report the day of the hearing, without prior notice." [*Id*. at 6.] However, he does not indicate the nature of the alleged change to the report or explain how it deprived him of due process. When prompted for supporting facts, he states, "[t]he incident report that the reporting party wrote. The conclusion of the report." [*Id*.] However, Mr. Wade does not attach the incident report to his petition, thus his references to the content of the report do not shed any light on the substance of his claims.

Nor does Mr. Wade attach any other documentation related to his claims, such as the DHO's written decision, which would provide the Court with some basic factual background regarding his claims and insight into the nature of his legal challenges to the DHO's decision.

2

Although the Court has an obligation to liberally construe a petition filed by a person proceeding without counsel, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)); *see also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). It is the petitioner's burden to establish that he is entitled to habeas relief. Mr. Wade's failure to adequately articulate either the factual or legal basis for his claims for relief also warrants denial of his petition without prejudice.

Finally, it is evident from the face of the petition that Mr. Wade has not yet fully exhausted his administrative remedies with respect to his claims. It has long been the rule that, before a prisoner may seek habeas relief under § 2241, he must first fully exhaust his administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *see also Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Leslie v. United States*, 89 F. Appx. 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241."). The exhaustion requirement preserves the agency's administrative authority by providing it with "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). A prospective litigant must therefore present their administrative grievance in such a manner as to "give the agency a fair and full opportunity to adjudicate their claims ..." *Id*. at 90. Thus, administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Id*. at 92–94.

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff.  28 C.F.R. § 542.13.  If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond.  *See* 28 C.F.R. §§ 542.14(a) and 542.18.  If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.  If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18; *see also* BOP Program Statement 1330.18 (Jan. 6, 2014).

While Mr. Wade's petition indicates that he filed an appeal of the decision with the Western Regional Office of the BOP, he states that he did not pursue the matter further because "I was transferred to another prison and was denied access to available remedies." [R. 1 at 2–3.]  However, Mr. Wade's transfer from one BOP facility to another "does not render the grievance procedures at the transferor facility 'unavailable' for purposes of exhaustion." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (quoting *Blakey v. Beckstrom,* No. 06–163–HRW, 2007 WL 204005, at *2 (E.D. Ky. Jan. 24, 2007)) (also citing *Jackson v. Walker,* No. 6:07–230–DCR, 2007 WL 2344938, at *5 (E.D. Ky. Aug. 14, 2007) (because the BOP administrative regulations apply to "all inmates in institutions operated by the Bureau of Prisons," *quoting* 28 C.F.R. § 524.10(b), then "it is clear that they apply to a prisoner who has merely been moved from one BOP facility to another.").  Thus, Mr. Wade's transfer does not excuse his failure to fully exhaust his available administrative remedies prior to filing his § 2241 petition.  Mr. Wade's failure to do so also warrants denial of his petition without prejudice.

4

While this case will be closed, after the administrative remedy process is complete, Mr. Wade may file a new petition in an entirely new case regarding this matter should he choose to do so. However, if Mr. Wade still wishes to file a § 2241 petition at that time, he is advised that, to properly initiate a case in this Court, he must complete two steps at the same time: (1) file his habeas petition on a form approved for use by this Court; and (2) either pay the $5.00 filing fee, move for leave to proceed *in forma pauperis*, or submit a copy of a BP-199 Form that he filed with prison officials requesting that the prison withdraw funds from his inmate account to pay the filing fee. In addition, Mr. Wade's petition must provide all of the facts relevant to his claims and state the legal grounds for the relief that he seeks. Appropriate forms may be obtained from the Clerk of the Court.

For all of the foregoing reasons, it is hereby **ORDERED** as follows:

1. Mr. Wade's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED WITHOUT PREJUDICE**;

2. The Court will enter an appropriate judgment; and

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 17th day of May, 2021.

Gregory F. Van Tatenhove
United States District Judge